UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61499-CIV-MARRA
(Criminal Case No. 08-60309-CR-MARRA)

DONALD DUHART,

    Movant

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND FINAL ORDER**
**GRANTING MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

This matter is before the Court upon Movant Donald Duhart's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (DE 1; CR-DE 263).[1] For the reasons that follow, the motion is granted.

**I. Background and Procedural History**

On March 19, 2009, Duhart entered a guilty plea to charges of conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1 of the indictment) and using and carrying a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count 3 of the indictment). (CR-DE 57; CR-DE 58.) On June 8, 2009, the Court sentenced Duhart to 87 months imprisonment as to Count 1 and 60 months imprisonment as to Count 3, with the terms to run consecutively for a total of 147 months imprisonment. (CR-DE 87; CR-DE 88.) The Court also sentenced Duhart to a 3-year term of supervised release after imprisonment on Count 1 and a five-year term of supervised release on Count 3, with the terms to run concurrently. (CR-DE 87; CR-DE

---

[1] Citations to "CR-DE" refer to entries on the criminal docket in Case No. 08-60309-CR-MARRA. Citations to "DE" refer to entries on the civil docket in Case No. 16-61499-CIV-MARRA.

88.)

On June 10, 2009, Duhart filed a notice of appeal (CR-DE 89) and on December 3, 2010, the United States Court of Appeals for the Eleventh Circuit issued its mandate affirming Duhart's sentence and conviction. (CR-DE 249.) In doing so, the Eleventh Circuit granted Duhart's counsel's motion to withdraw, which was accompanied by a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit stated that its "independent examination of the entire record reveals no arguable issues of merit."(CR-DE 249 at 4.) The United States Supreme Court subsequently denied certiorari. (CR-DE 248.)

Duhart filed his first petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 on October 28, 2011. (DE 1 in Case No. 11-cv-62319-KAM.) Adopting the Magistrate Judge's recommendation, this Court denied the motion. (DE 14 in Case No. 11-cv-62319-KAM.) The Eleventh Circuit affirmed, and the Supreme Court denied certiorari. (DE 24; DE 26 in Case No. 11-cv-62319-KAM.) Neither in Duhart's direct appeal, nor in his initial § 2255 petition, did Duhart argue that the residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Of course, had he done so, binding precedent at the time would have compelled rejection of his argument. *James v. United States*, 550 U.S. 192, 211 n.6 (2007), *overruled by Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

On June 24, 2016, Duhart filed his second petition pursuant to § 2255, asserting that he is actually innocent of his conviction for using and carrying a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) based on the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015). (DE 1; CR-DE 263.) On August 3, 3016, the Eleventh Circuit granted Duhart's application to authorize this Court to consider

his second § 2255 petition, finding that Duhart made a prima facie showing that his petition contained a claim involving a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[2] (DE 9.) Pursuant to this Court's order to show cause, the Government filed a response opposing Duhart's § 2255 petition on August 12, 2016. (DE 11.) Duhart replied on August 18, 2016 (DE 12.), and the petition is now ripe for review.

## II. Legal Standard

Section 2255 authorizes a prisoner to move a court to vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). For the district court to grant relief in a § 2255 action raising the vagueness of the residual clause as the basis for relief, the movant must show that he was convicted or sentenced using the residual clause and that the use of that clause made a difference in the sentence or conviction. *See In re Moore*, No. 16-13993-J, 2016 WL 4010433, at *4 (11th Cir. July 27, 2016) (per curiam).[3]

---

[2] For the reasons stated in the Eleventh Circuit's decision, the district court agrees with the Eleventh Circuit's determination that Duhart has made a prima facie showing that his application satisfies § 2255(h)(2). *See In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (noting that district court must decide the § 2255(h) issue *de novo*).

[3] Although *Moore* only speaks of the sentence, that is because *Moore* involved the Armed Career Criminal Act's residual clause. Here, § 924(c)'s residual clause is at issue and thus it affects the conviction and the sentence.

### III. Discussion

**A. Overview of the ACCA, *Johnson*, and § 924(c)**

Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Relevantly, the last 15 words of this definition is known as the residual clause. The portion of the definition preceding the residual clause, which lists specific offenses, is called the enumerated crimes clause, and first subsection of the definition immediately preceding both the residual and enumerated crimes clauses is called the elements clause. In *Johnson*, the Supreme Court overruled its prior precedent and held that the residual clause of the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557, 2563. Less than a year later, in *Welch v. United States*, the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016).

Duhart was not sentenced under the ACCA, but rather was convicted of a violation of 18 U.S.C. § 924(c). Section 924(c)(1)(A) provides a five-year mandatory minimum sentence[4] for any person who "during and in relation to any crime of violence or drug trafficking crime . . . for which

---

[4] The mandatory minimum sentence is increased if other facts are present, such as if the firearm is discharged or if the firearm is a certain type of firearm. *See generally* 18 U.S.C. § 924(c)(1)(A)–(C).

the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Such sentence shall be "in addition to the punishment provided for such crime of violence or drug trafficking crime" and may not run concurrently with "any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(A), (D)(ii).

Though not identical, the definition of "crime of violence" in § 924(c) is substantially similar to the definition of "violent felony" under the ACCA. Under § 924(c), a "crime of violence" is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). As with the ACCA, the first prong of this definition is referred to as the elements clause and the second prong is referred to as the residual clause. Unlike the ACCA, § 924(c)'s definition of "crime of violence" does not include a list of enumerated crimes before reaching the residual clause. While the construction of the residual clause in § 924(c)(3)(B) is not identical to that in § 924(e)(2)(B)(ii), both residual clauses include language that requires a court to consider the "ordinary case" of the offense and then assess the associated "risk" posed by the "judicially imagined ordinary case." *Johnson*, 135 S. Ct. at 2557-58. Based on the similarity between residual clauses in § 924(c)(3)(B) and § 924(e)(2)(B)(ii), Duhart contends that § 924(c)'s residual clause is unconstitutionally vague for the same reasons the Supreme Court found § 924(e)(2)(B)(ii) to be unconstitutionally vague in *Johnson*, rendering him "actually innocent" of his § 924(c) conviction.

**B. Procedural Default**

The Government contends that the Court should not reach the merits of Duhart's § 2255 petition because Duhart waived the argument that § 924(c)'s residual clause is unconstitutionally vague by not raising it in his direct appeal. According to the Government, this procedural default bars Duhart from seeking the present relief, regardless of whether Duhart was convicted under an unconstitutionally vague statute. Thus, according to the Government, Duhart must remain imprisoned *solely* because he did not raise an argument on appeal that was foreclosed by Supreme Court precedent at the time—and would have been deemed frivolous.[5] Under this view, Duhart and a multitude of similarly situated defendants serving sentences under the residual clauses of the ACCA or § 924(c)) must remain confined because each failed to raise a frivolous argument on appeal in order to preserve a potential future challenge to a sentence in the event that the Supreme Court overruled its precedent.[6] The Court rejects the Government's position.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam). Importantly, there are two exceptions to this rule. "Under the first exception, a

---

[5] In granting Duhart's counsel's motion to withdraw based on her *Anders* brief on Duhart's direct appeal, the Eleventh Circuit necessarily found that Duhart did not have any nonfrivolous arguments available to him at the time.

[6] The Court notes that in other § 2255 cases raising *Johnson* as the ground for relief, the Government has expressly chosen to "waive" the procedural default defense. *See, e.g.*, United States' Response in Support of Petitioner's Motion to Vacate Sentence at 3, *Johnson v. United States*, Case No. 16-80775-cv-MARRA (S.D. Fla. June 30, 2016) (ECF No. 8) ("[T]he United States has made a considered decision not to raise a procedural default defense in this case.") (different *Johnson*). It is unclear to the Court why the Government would not take a consistent position on this issue.

defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (emphasis omitted). The second exception applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (citations omitted). Both exceptions apply here.

The first exception to the procedural default rule—where a defendant shows cause for not raising the claim and actual prejudice from the alleged error— protects litigants, such as Duhart, who did not predict that six years after his direct appeal the Supreme Court would overrule settled precedent in two cases and hold the ACCA's residual clause void for vagueness. Cause for not raising a claim can be shown where the claim "is so novel that its legal basis [wa]s not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984). Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal.[7] *Reed*, 468 U.S. at 17. That is precisely the circumstance here. *Johnson* overruled precedent, announced a new rule, and the Supreme Court gave retroactive application to that new rule. The actual prejudice that would result from finding a procedural default here is obvious—if Duhart is correct that *Johnson* applies to § 924(c)'s residual clause, then he should not have been convicted and sentenced for a violation under § 924(c). Accordingly, the procedural default rule is inapplicable

---

[7] The Court also rejects the Government's argument that—despite binding Supreme Court precedent to the contrary at the time of his appeal—the claim that the residual clause is unconstitutionally vague was not novel because the Supreme Court had "wrestled with the parameters of ACCA's residual clause" and therefore the vagueness argument was somehow available. (DE 11 at 5.) The Government's argument squarely contradicts *Reed*. Again, the Court highlights that even the Eleventh Circuit held that Duhart had no nonfrivolous arguments available to him on his direct appeal.

to Duhart's claim.

The second exception, for "actual innocence," also applies to Duhart's claim and bars procedural default. As discussed *infra*, Duhart is actually innocent of his § 924(c) conviction because it was based on the application of § 924(c)'s residual clause, which the Court concludes in Part C is unconstitutionally vague under *Johnson*. This is factual innocence rather than mere legal innocence, as Duhart's § 924(c) conviction relies on the fact that he was convicted of a predicate "crime of violence" when he actually was not.[8]

### C. *Johnson*'s Applicability to § 924(c)'s Residual Clause

The interaction between *Johnson* and the § 924(c) residual clause is an unresolved question in the Eleventh Circuit. The Eleventh Circuit has granted a certificate of appealability to a movant seeking to challenge a conviction under § 924(c) but left open the legal question of whether or how *Johnson* affects a § 924(c) conviction for resolution in the district court, noting that the "law is unsettled." *See In re Pinder*, 824 F. 3d 977, 979 (11th Cir. June 1, 2016) (per curiam). As such, this Court is faced with deciding whether a "new rule of constitutional law" is applicable to invalidate Duhart's conviction under the § 924(c) residual clause. *Id.*

In *Johnson,* the Supreme Court held the residual clause of the ACCA's definition of a "violent felony," § 924(e)(2)(B)(ii), void for vagueness in violation of the Due Process Clause of the Constitution. The Supreme Court explained that the ACCA requires a court to use the "categorical approach" to determine whether a crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2557. "Under the categorical approach, a court

---

[8] As discussed *infra*, conspiracy to commit a Hobbs Act robbery does not qualify under the elements clause of § 924(c)'s definition of "crime of violence."

8

assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Id.* (citation omitted). Therefore, a court is required "to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury" to determine whether a crime was a "violent felony." *Id.* This task went "beyond deciding whether creation of risk is an element of the crime. . . because, unlike the part of the definition of a violent felony that asks whether the crime 'has as an element the use . . . of physical force,' the residual clause asks whether the crime 'involves conduct' that presents too much risk of physical injury." *Id.*

Following this reasoning, the Supreme Court held the residual clause was unconstitutionally vague on two grounds. First, tying "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," "leaves grave uncertainty about how to estimate the risk posed by a crime." *Id.* That is, there was "no reliable way" for a court "to choose between these competing accounts" of what the "ordinary case" of a particular crime entailed. *Id.* at 2258. Second, the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* As the Supreme Court explained, "[i]t is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." *Id.* From this, the Supreme Court held that "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

With the constitutional infirmities raised in *Johnson* in mind, the Court turns to §

924(c)(3)(B). Though slightly different in their language, both § 924(e)(2)(B)(ii) and § 924(c)(3)(B) operate as a means by which a court is charged with determining whether the relevant risk associated with the "ordinary" manifestation of an offense is sufficiently "serious" or "substantial" to find that a "crime of violence" or "violent felony" occurred. The statute before us, § 924(c)(3)(B), defines a "crime of violence" using a residual clause which focuses on "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The statute at issue in *Johnson*, § 924(e)(2)(B)(ii), uses both enumerated offenses and consideration of whether an offense "involves conduct that presents a serious potential risk of physical injury to another" to define "violent felony." These minor differences in structure and language do not alter the similar operation of § 924(c)'s residual clause as compared to that of the ACCA's residual clause.[9] Accordingly, § 924(c)(3)(B) is unconstitutionally vague for the same reasons articulated in *Johnson*.

Like the ACCA's residual clause, § 924(c)'s residual clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2257. This "ordinary case" analysis is mandated by the text of § 924(c)'s residual clause, which requires a court to determine whether the particular offense "by its nature" involves a particular level of risk. 18 U.S.C. § 924(c)(3)(B). Identical to the application of the ACCA's residual clause, under § 924(c)'s residual clause a court must similarly speculate as to what the "ordinary case" of a particular offense entails.

Further, like the ACCA's residual clause, § 924(c)'s residual clause "leaves uncertainty about

---

[9] The Eleventh Circuit has noted both that the language of § 924(c) and § 924(e) are "very similar" and that both statutes operate as penal statutes, "requir[ing] higher sentences once a court decides that an offense is a 'crime of violence.'" *In re Pinder*, 824 F.3d at 978.

how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2558. The ACCA's residual clause uses the phrase "serious potential risk" and § 924(c) uses the phrase "substantial risk" combined later in the definition with the phrase "may be used." These differences are insignificant, though, as both phrases amount to the same imprecise standard. *See United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (noting that the residual clause of 18 U.S.C. § 16(b), which is identical to § 924(c)'s residual clause, is "analogous" to the ACCA's residual clause). More importantly, here, both standards are applied to "a judge-imagined abstraction" rather than "real-world facts," which was key to *Johnson*'s reasoning. *Johnson*, 135 S. Ct. at 2558. In short, § 924(c)'s residual clause combines "indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a [crime of violence]" and thus like the ACCA's residual clause it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

The Court rejects the Government's arguments to the contrary. The Government contends that the residual clause of § 924(c)(3)(B) is not void for vagueness, emphasizing the differences between it and the residual clause of § 924(e)(2)(B)(ii) that was found void for vagueness in *Johnson*. As discussed *supra*, however, these distinctions are to no avail. Whatever differences in language, the operation of the residual clause in § 924(c)(3)(B) is no different than that found too vague to provide adequate due process in *Johnson.* Though the temporal scope of § 924(c)(3)(B) is comparatively narrower, limited to the "risk of physical force" that "may be used in course of committing the offense" rather than the broader "risk of physical injury to another" considered under § 924(e)(2)(B)(ii), this narrow distinction does not make otherwise vague language clear. The residual clause of § 924(c)(3)(B), like that of § 924(e)(2)(B)(ii), still requires a court to assess the

11

nature of so-called "ordinary" conduct and assess the level of risk associated therewith, giving penal authority to conduct that may well be nothing short of the judicial imagination. The vagueness accompanying that analysis is well-beyond the Due Process required under the Constitution and is accordingly void.

### D. Whether Duhart's Conviction and Sentence Relied on the Unconstitutional Residual Clause

It is clear that Duhart's conviction and sentence under § 924(c) relied on the residual clause portion of § 924(c)'s definition of "crime of violence." The Court agrees with Duhart's argument that conspiracy to commit Hobbs Act robbery is not a crime of violence under the elements clause of § 924's definition of "crime of violence," and only qualified for an enhanced sentence under § 924(c)(3)(B).

In response, the Government argues that Duhart failed to meet his burden of proof that his sentence was under the residual clause of § 924(c)(3)(B). Describing the Eleventh Circuit's precedent relating to *Johnson* challenges, the Government notes the two-part analysis of legal and factual considerations guiding this Court's *de novo* review under § 2255(h), emphasizing that the factual analysis "requires the Court to decide whether a prisoner's ACCA-enhanced sentence in fact depended on the residual clause voided by *Johnson* ...." (DE 11, p. 14.) Applying this standard, the Government argues that the record and relevant precedent do not show that the sentencing court relied on the residual clause of § 924(c)(3)(B) and, as such, Duhart has failed to meet his burden of proof. *See Moore*, 2016 WL 4010433 at *3-*4.

The Government's burden of proof argument is resolved, however, not by the improper expedition into the movant's conduct but instead by considering the predicate offense under the categorical approach as a question of law. *See United States v. McGuire*, 706 F.3d 1333, 1336-37

(11th Cir. 2013). Duhart's conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), the predicate offense on which his violation of 18 U.S.C. § 924(c) is based, cannot be a "crime of violence" under the elements clause of § 924(c). "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal, and (3) that the defendant voluntarily participated in furthering that goal." *United States v. Ransfer*, 749 F.3d 914, 929 (11th Cir. 2014). In these elements, there is neither a requirement that the defendant engage in an overt act in furtherance of the conspiracy, *United States v. Pistone*, 177 F.3d 957, 959-60 (11th Cir. 1999), nor that a defendant was "even capable of committing" the underlying offense. *Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016). Applying the categorical approach, then, a conviction for conspiracy to commit a Hobbs Act robbery in violation of § 1951(a) does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (describing the elements of a felony offense that constitute a "crime of violence"). As such, a conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. Duhart's § 924(c) conviction thus could only have qualified under the unconstitutionally vague residual clause of § 924(c)(3)(B).

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Movant's petition (DE 1; CR-DE 263) is **GRANTED**. Movant's conviction and sentence as to Count 3 of the indictment are **VACATED. The Court directs the parties to arrange a telephonic status conference on Monday, September 12, 2016 to discuss the parties' respective positions as to how the Court**

**should proceed in view of this ruling.**

**The Clerk shall close this case.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 9th day of September, 2016.

_____
KENNETH A. MARRA
United States District Judge